# IN THE
# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RAYMOND STINDE, (R-34993 ), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09 C 7343 |
| ) | Judge George W. Lindberg |
| CHERI TARR, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Raymond Stinde, an inmate at the Stateville Correctional Center, filed this 42 U.S.C. § 1983 action against Stateville Correctional Center Internal Affairs and Grievance Officers Cheri Tarr, Joanne Franklin, Cynthia Harris, Anthony Ramos, and Shaun Bass. Plaintiff alleges that prison administrative procedures were not followed with his disciplinary proceedings; that the conditions in segregation, to which he was sentenced, were deplorable; and that officers acted with deliberate indifference to his medical and mental health needs while he was in segregation. The Defendants have filed a motion to dismiss. Plaintiff has responded. For the reasons stated below, the court grants the motion to dismiss, dismisses with prejudice Plaintiff's constitutional challenges to his disciplinary proceedings, and dismisses the claims pertaining to the segregation conditions and the lack of medical and mental health attention without prejudice to Plaintiff submitting an amended complaint.

## I. FACTS

The court draws the facts of this case from Plaintiff's complaint and the exhibits attached to the complaint, which include the prison's disciplinary decision, Plaintiff's grievances and responses, and copies of sections of the Illinois Administrative Code. The court may consider these exhibits along with

the allegations in the complaint when addressing the motion to dismiss. *See Reger Development, LLC v. National City Bank*, 592 F.3d 759, 764 (7th Cir. 2010); *Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 645 (7th Cir. 2006).

Plaintiff alleges that he was accused of fighting on May 29, 2009.[1] Cheri Tarr issued a disciplinary ticket against Plaintiff on June 14, 2009, and he was found guilty on June 24, 2009, following an Adjustment Committee Hearing. (R. 1, Complaint, 5-6; R. 1, Exh. B.) Plaintiff contends that the delay of more than eight days for the issuance of a disciplinary ticket and the delay of more than fourteen days for Plaintiff to testify at the disciplinary hearing violated prison procedural rules. (R. 1, Complaint, 6-7; *see also* Exh. C, 20-21.) At the disciplinary hearing, Plaintiff's objected to his counselor, Officer Harris, serving on the disciplinary hearing committee. The objection was overruled. (*Id.* at 7.) Plaintiff was found guilty and was sentenced to six months of no commissary or phone privileges, a six-month reduction of his class to C grade, and six months of segregation. (R. 1, Complaint, Exh. H, 33.)

According to Plaintiff, in segregation, he was confined to a small cell measuring four by nine feet; he was allowed out of his cell only one day a week; the cell was filthy and he was not given cleaning materials; he was provided a urine-stained mattress, no pillow, and torn sheets; he was fed less than usual, causing him to lose weight and feel weak; the cell was infested with roaches and Plaintiff had to keep the light on at night to prevent roaches from crawling on him; there were no hooks to hang clothes to dry and washed clothes would mildew; and electrical outlets were located too close to the sink, posing a safety hazard. (*Id.* at 9-11.) Plaintiff states that he developed a rash from the conditions

---

[1] One document indicates the fight occurred on May 27, 2009, (*see* R. 1, Complaint, Exh. A,, p.8), but Plaintiff's allegations and all other documents state that the incident occurred on May 29, 2009.

in segregation, as well as neck pains from no pillow. He requested medical attention but never received any. He also requested to see a psychiatrist for depression. It is unclear from the complaint whether Plaintiff alleges that he received no mental health assistance. (*Id.* at 10-11; *see also* Exh. G.)

Plaintiff was released from segregation after 94 days. The release was ordered in response to Plaintiff's grievance. Plaintiff's grievance asserted that disciplinary procedures were not followed, i.e., that the disciplinary ticket was issued more than eight days after the incident and that more than fourteen days passed before he was brought before a disciplinary hearing committee and allowed to present his case. (R. 1, Complaint, Exh. E, 26-27.); *see also* 20 IL ADC § 504.30(f) and § 504.80(a). The Grievance Officer (Shaun Bass) recommended that "disciplinary sanctions be revoked due to the mental state of grievant at the time of the offense." (R. 1, Complaint, Exh. I, 35.)

Plaintiff seeks to be credited with the amount of good-conduct time lost by his reduction in class, compensatory and punitive damages, and to have Officers Harris, Franklin, and Bass removed from their positions. (*Id.* at 15-16.)

## II. ANALYSIS

### A. Motion to Dismiss

When considering a motion to dismiss, this court assumes to be true all well-pleaded allegations and views the alleged facts, as well as any inferences reasonably drawn therefrom, in a light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Under the notice pleading requirement, a complaint need only state a federal claim and provide the defendants with sufficient notice of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations of a complaint, however, must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative

level.'" *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 -77 (7th Cir. 2007). A complaint must do more than recite the elements of a cause of action, and a court need not accept mere labels and legal conclusions as factual allegations. *Bell Atlantic*, 550 U.S. at 555. Nor must a court presume facts not alleged. *Id.* Additionally, if a plaintiff pleads facts demonstrating that he has no claim, a court may dismiss the complaint. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

### B. Procedural Due Process

To obtain § 1983 relief, a plaintiff must establish that the defendants deprived him of a constitutional or federal right. *Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005). A prisoner is entitled to due process protections before being deprived of a liberty interest. Such protections include: advance written notice of the charges, the chance to present testimony and documentary evidence to an impartial decisionmaker, and a written explanation supported by at least "some evidence" in the record. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006), citing *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974).

There is no independent constitutional right, however, to a disciplinary proceeding that complies with prison administrative procedures. The violation of a prison rule, by itself, does not give rise to a constitutional claim. *See Whitman v. Nesic*, 368 F.3d 931, 935 n.1 (7th Cir. 2004); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (§ 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations). Even allegations that a party violated a state mandatory rule do not necessarily state a constitutional claim. *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) ("[a] state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate"); *White v. Henman*, 977 F.2d 292, 295 (7th Cir. 1992) (the violation of an administrative rule is not the same as a violation of the Constitution).

Plaintiff's allegations – that a disciplinary ticket was not issued within eight days of the incident and that he did not appear before a disciplinary hearing within fourteen days – involve violations of prison administrative rules, but not a constitutional violation. Constitutionally, Plaintiff was entitled to prior notice of the charge, the ability to present his case before an impartial decision-maker, and a written decision supported by some evidence. *Lagerstrom*, 463 F.3d at 624. The complaint and its exhibits demonstrate that Plaintiff received such process. Plaintiff was notified by at least June 14, 2009, of the disciplinary charge against him; he had a disciplinary hearing on June 24, 2009; and he was able to testify and present evidence at the hearing as to charge of fighting. (R. 1, Complaint, 6-7; *see also* Exhs. A, B, H.) Although Plaintiff states in his complaint that he objected to Cynthia Harris serving as a disciplinary hearing officer because she was Plaintiff's counselor, there is no indication that his objection was based upon Harris being impartial. Plaintiff does not mention Harris being a member of the disciplinary hearing committee in his response to the motion to dismiss; nor did he raise this issue in his grievances challenging the procedures not followed with his disciplinary proceeding. (R. 1, Exh. E; R. 21.)

The court further notes that the reversal of the disciplinary decision does not indicate that due process procedures were not followed. "The fact that the [disciplinary] outcome was eventually overturned does not mean that the hearing failed to satisfy minimal procedural requirements." *Lagerstrom*, 463 F.3d at 624.

Accordingly, because it is clear from the complaint and the attached exhibits that the procedures associated with the disciplinary proceedings were constitutionally sufficient, It is unclear whether Plaintiff's assertions that officers failed to follow prison rules states a claim under state law. The dismissal of Plaintiff's § 1983 claim is thus without prejudice to Plaintiff raising a state-law claim.

### C. Segregation Conditions and Denial of Medical and Psychological Needs

Plaintiff's complaint indicates that, in addition to his procedural due process challenges, he may be challenging the conditions of his confinement in segregation and deliberate indifference to his medical and psychological needs that arose while he was in segregation. Plaintiff states that his cell in segregation was four by nine feet; he was allowed out of his cell only one day each week; the rooms were filthy; no cleaning supplies were given; Plaintiff was given a urine stained mattress, torn sheets, and no pillow; he received inadequate food; and his cell was roach infested. (R. 1, Complaint, 9-10.) Plaintiff states he developed a rash, that he had neck pains from sleeping with no pillow, and that he sought psychiatric assistance as a result of his living conditions. (*Id.* at 10-11.) He states that he made many requests to receive medical treatment, that his name was put on a sick call list, but that he never received medical attention. (*Id.* at 10 and Exh. F.)

Plaintiff may allege that the conditions in segregation were unconstitutional and that prison officers acted with deliberate indifference to Plaintiff's serious medical and psychological needs while he was in segregation. The complaint, however, is unclear whether or how the currently named Defendants were involved with such claims. Plaintiff clearly sets out how Tarr, Harris, Franklin, Bass, and Ramos were involved with his claim that prison disciplinary procedures were not followed. Yet, he provides no information whether these Defendants were made aware of or were responsible for the conditions in segregation or whether they were made aware of Plaintiff's medical and psychological needs. In fact, Exhibit F to his complaint indicates that another officer (D. Bowman) put Plaintiff on the sick call list while he was in segregation. (R. 1, Complaint, Exh. F, 28.)

Accordingly, to the extent Plaintiff seeks to allege that the segregation living conditions were unconstitutional or that Plaintiff suffered serious medical and psychological needs to which Stateville

officers acted with deliberate indifference, such claims are dismissed without prejudice. Plaintiff may submit an amended complaint that clearly sets out these claims, that names the officers personally associated with these claims, and that clearly states how the defendants were involved with these claims. Plaintiff is given 60 days to submit an amended complaint. His failure to submit an amended complaint may be construed as his desire not to proceed with this case and will result in dismissal.

The court notes that the grievances attached to the current complaint do not address the issues of the conditions in segregation or Plaintiff's inability to obtain medical and psychological care. *See* (R. 1, Complaint, Exh. E.) Although Plaintiff need not plead in the complaint that he exhausted administrative remedies, he may be required to demonstrate exhaustion before the court addresses the merits of the claims. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

## IV. CONCLUSION

The Defendants' motion to dismiss [14] is granted. Plaintiff's claims about the conditions of his segregation confinement and the lack of medical and psychological care he received are dismissed without prejudice to Plaintiff submitting an amended complaint that more fully sets out these claims and that names as Defendants those persons who were personally involved with those claims. Plaintiff's § 1983 claim challenging the procedures associated with his disciplinary action is dismissed. The dismissal is without prejudice to Plaintiff raising, either in state court or in the amended complaint as a pendent claim, a state-law claim, if one exists, about officers violating institutional rules. Plaintiff is given 60 days from the date of this order to submit an amended complaint. His failure to do so may be construed as his desire not to proceed and will result in dismissal of this case.

ENTER: *George W. Lindberg*

George W. Lindberg

DATE: July 13, 2010      United States District Court Judge